**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YONGZE LI,

                Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 07-72678

Agency No. A095-442-762

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

    Yongze Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004), and we grant the petition for review, and remand.

Substantial evidence does not support the BIA's adverse credibility determination because the perceived inconsistencies identified by the BIA regarding whether Li removed his clothing during detention, whether he was paid wages after June 2000, and whether he knew his port of arrival in the United States are minor and do not got to the heart of his claim. *See id.* at 1201. Furthermore, Li's omission in his asylum application of the incident of being doused with water in his cell, when his application and testimony included being beaten and imprisoned for three weeks, does not support the BIA's determination that he was not credible. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000) ("the mere omission of details is insufficient to uphold an adverse credibility finding"). Finally, the BIA's conclusion that Li could not remove his own clothes if he had been brutally beaten was based on impermissible speculation. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) ("speculation and conjecture cannot form the basis of an adverse credibility finding").

To the extent the BIA relied on the remainder of the IJ's adverse credibility findings, those findings are also not supported by substantial evidence because

they are based on either minor inconsistencies or impermissible speculation. *See*

*Li v. Holder*, 559 F.3d 1096, 1102-03 (9th Cir. 2009).

Accordingly, we grant the petition for review, and remand for the agency to

consider Li's claims for relief, taking his testimony as true. *See Soto-Olarte v.*

*Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009); *see also INS v. Ventura*, 537 U.S.

12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**